# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERCIVAL DYER** | **CIVIL ACTION** |
| **VERSUS** | |
| **COMPSYCH CORPORATION, INC., ET AL.** | **NO.: 3:13-cv-00706-BAJ-SCR** |

## RULING AND ORDER

Defendants Compsych Corporation, Inc. ("Compsych") and E.I. DuPont de Nemours and Company ("DuPont") have each filed motions to dismiss *pro se* Plaintiff Percival Dyer's Amended Complaint. (Doc. 8 (DuPont's Motion to Dismiss); Doc. 9 (Compsych's Motion to Dismiss)). In support of their respective motions, Defendants point out various deficiencies with Plaintiff's Amended Complaint, including Plaintiff's failure to: (1) properly serve Defendants; (2) establish a basis for the Court's subject matter jurisdiction; and (3) state a claim upon which relief can be granted. (*See* Doc. 8 at pp. 1–2; Doc. 9 at p. 1). As an alternative to dismissal, Defendant DuPont urges the Court "to require Plaintiff to provide a more definitive statement of [her] claims." (Doc. 8 at p. 1). Plaintiff has not responded directly to Defendants' Motions to Dismiss; she has, however, indicated a desire to respond by "mov[ing] for an Extension of Time to file Responsive Pleadings to answer Defendant[s]' pleadings." (Doc. 11 at p. 1; *see also* Doc. 12 at p. 1 (same)).

The Court agrees with Defendants' assessment that Plaintiff's Amended Complaint is "vague, ambiguous, and confusing." (Doc. 8-1 at p. 5). Likewise, the Court shares Defendants' concerns that the Amended Complaint, as it currently stands, fails to adequately establish the basis for this Court's jurisdiction, and also fails to state facts to support a cause of action against either Defendant. (*See* Doc. 8-1 at pp. 1–5; Doc. 9-1 at pp. 4–6). However, mindful of Plaintiff's *pro se* status, and encouraged by Plaintiff's request "to file Responsive Pleadings to answer Defendant[s]' pleadings," (Doc. 11 at p. 1), the Court will allow Plaintiff one *final* opportunity to amend her Complaint against Defendants Compsych and DuPont. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) ("It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." (quotation marks omitted)); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff *an opportunity to amend*." (quotation marks omitted; emphasis in original)); *see also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1172 (5th Cir. 1985) (recognizing that "a Rule 12(b) dismissal is a drastic remedy"). Plaintiff is warned, however, that failure to address the deficiencies identified in Defendants' motions to dismiss may result in dismissal with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's **MOTIONS FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING TO ANSWER DEFENDANT(S) PLEADINGS (Doc. 11; Doc. 12)** are each **GRANTED IN PART.** Specifically, Plaintiff shall file an amended complaint **no later than Friday, October 3, 2014,** addressing the deficiencies identified in Defendants' motions to dismiss. Plaintiff's amended complaint shall be formatted and filed according to the Federal Rules of Civil Procedure and this Court's Local Rules. *See, e.g.*, Fed. R. Civ. P. 7, 7.1, 8, 10; M.D. La. LR5 *et seq.*, 10 *et. seq.*

**IT IS FURTHER ORDERED** that Defendants' **MOTIONS TO DISMISS (Doc. 8; Doc. 9)** are each **DENIED WITHOUT PREJUDICE** to refile, pending submission of Plaintiff's amended complaint *or* Plaintiff's failure to file an amended complaint by October 3, 2014.

Baton Rouge, Louisiana, this 3rd day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**