UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PERCIVAL DYER                              CIVIL ACTION

VERSUS

COMPYSCH CORPORATION, INC.,          NO.: 13-00706-BAJ-SCR
ET AL.

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 23)** filed by Defendant E.I. du Pont de Nemours and Company ("DuPont"), seeking to dismiss Plaintiff Percival Dyer's First Amended Complaint (Doc. 19) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a cause of action upon which relief may be granted. Dyer opposes this motion. (Doc. 28).[1] Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For reasons explained herein, DuPont's motion is **GRANTED**.

I.     BACKGROUND

Dyer, who is proceeding *pro se*, filed the instant action against DuPont and ComPsych Corporation, Inc. ("ComPsych") on October 28, 2013.[2] Dyer alleges that, in 2006, she and ComPsych entered into a service provider contract whereby Dyer was to provide counseling and employee assistance service to individuals located in

---

[1] The opposition was timely filed in accordance with an extension granted by the Court. (*See* Doc. 27).

[2] Other defendants named in the original complaint have since been dismissed from the action.

1

Louisiana who were employed by, *inter alia*, DuPont. (Doc. 19 at ¶¶ 3–4). The contract specifies that the parties' agreement was to be construed in accordance with and governed by the laws of the State of Illinois, without regard to its conflict of law rules. (Doc. 19-1 at p. 8).

According to the First Amended Complaint,[3] ComPsych terminated the contract without cause on or about September 27, 2010, in what Dyer claims was a retaliatory action for Dyer's treatment of patients employed by DuPont. (Doc. 19 at ¶ 5). Dyer alleges that DuPont "passed false and misleading information to ComPsych" to cause ComPsych to breach the contract and bring a claim of tortious interference with contract against DuPont. (*Id.* at ¶ 6).[4]

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion, a district court

---

[3] The only legally effective complaint in this matter is the First Amended Complaint (Doc. 19) filed with the Court's leave by Dyer on October 13, 2014. Because the First Amended Complaint did not refer to the previously filed initial complaint, (*see* Doc. 1), the First Amended Complaint has superseded the initial complaint and rendered it of no legal effect. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) (amended complaint supersedes original complaint and renders it of no legal effect "unless amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading").

[4] The allegations of tortious interference with contract against DuPont appeared for the first time in this matter in the First Amended Complaint. (*See* Doc. 19). Louisiana law recognizes claims for tortious interference with contract under very narrow circumstances strictly involving "a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La. 1989); *Spencer–Wallington, Inc. v. Service Merchandise, Inc.*, 562 So.2d 1060, 1063 (La. App. Ct. 1990).

generally "must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed,

3

without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and citations omitted). However, "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_, \_\_\_, 135 S. Ct. 346, 346 (2014) (per curiam).

## III. DISCUSSION

DuPont argues that Dyer's claim of tortious interference with contract is prescribed under Louisiana state law or, alternatively, that Dyer has failed to plead sufficient facts to sustain such a cause of action against DuPont.

Tortious interference with contract is a tort, based on duties arising from La. C.C. art. 2315. *See also SMP Sales Mgmt., Inc. v. Fleet Credit Corp.*, 960 F.2d 557, 559 (5th Cir. 1992). Actions in tort are delictual actions, subject to a one-year liberative prescription that commences from the day injury or damage is sustained, or from "the date the injured party discovers or should have discovered the facts upon which its cause of action is based." La. C.C. art. 3492; *Griffen v. Kinberger*, 507 So.2d 821, 823 (La. 1987).

DuPont contends that Dyer had a one-year liberative prescription period from the date of injury to file her tort claim. According to the complaint, ComPsych wrongfully terminated the contract on or about September 27, 2010, preventing Dyer from billing for services under the contract and damaging her reputation.

4

(Doc. 19 at ¶ 5, 7). Although the injury arose from the breach of contract, Dyer did not file suit until October 28, 2013 and she did not allege a claim for tortious interference with contract until filing her First Amended Complaint on October 3, 2014. Thus, Dyer's claim is prescribed.

The Court rejects Dyer's argument that Illinois state law governs the prescriptive period for her tort claim. Louisiana law provides that issues of conventional obligations not otherwise addressed by statute "are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537." La. C.C. art. 3540. The parties had agreed that the contract is to be construed in accordance with and governed by the laws of the State of Illinois. (*See* Doc. 19-1 at p. 8). Dyer's tort claim, however, is distinct from a conventional obligation claim involving the interpretation or enforcement of the contract itself. Notably, the contract did not include a choice of law provision for collateral suits referencing or involving the contract.

The contract, which was signed in Louisiana, was an agreement providing for counseling services to be rendered by Dyer, a Louisiana resident, to individuals within the state of Louisiana. Dyer's cause of action in tort arose in Louisiana, and Louisiana law governs the prescriptive period for Dyer's delictual action. Dyer's claim for tortious interference with contract, filed beyond the one-year prescriptive period, is thus prescribed. The Court need not proceed to DuPont's alternative argument that Dyer has failed to state a claim pursuant to Rule 12(b)(6).

5

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 23)** filed by Defendant E.I. du Pont de Nemours and Company is **GRANTED**. All claims against DuPont are hereby **DISMISSED**.

Baton Rouge, Louisiana, this 20th day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA