UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| PERCIVAL DYER | CIVIL ACTION |
|---|---|
| VERSUS | |
| COMPYSCH CORPORATION, INC., ET AL. | NO.: 13-00706-BAJ-SCR |

## RULING AND ORDER

Before the Court is the **Rule 12(b)(6) Motion to Dismiss First Amended Complaint (Doc. 25)** filed by Defendant ComPsych Corporation, Inc. ("ComPsych"), seeking to dismiss Plaintiff Percival Dyer's First Amended Complaint (Doc. 19) for failure to state a claim. Dyer opposes this motion. (Doc. 29).[1] With leave of Court, ComPysch has filed a reply in support of its motion to dismiss. (Doc. 32). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For reasons explained herein, ComPsych's motion is **DENIED**.

### I. BACKGROUND

Dyer, who is proceeding *pro se*, has filed the instant action against ComPsych and E.I. Du Pont De Nemours and Company.[2] Dyer alleges that, in 2006, she and ComPsych entered into a service provider contract whereby Dyer was to provide counseling and employee assistance service to individuals employed by ComPsych

---

[1] The opposition was timely filed in accordance with an extension granted by the Court. (*See* Doc. 27).

[2] Other defendants named in the original complaint have since been dismissed from the action.

1

clients. (Doc. 19 at ¶ 3). According to the complaint,[3] ComPsych breached the contract by failing to give the requisite notice of termination under the terms of the contract. (*Id.* at ¶¶ 3, 5). Dyer claims that, as of a result of the wrongful termination, she was no longer able to bill for services provided under her contract and also suffered damage to her reputation. (*Id.* at ¶ 7).

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556).

---

[3] The only legally effective complaint in this matter is the First Amended Complaint (Doc. 19) filed on October 13, 2014 by Dyer, with leave of Court. Because the First Amended Complaint did not refer to the previously filed initial complaint, (*see* Doc. 1), the First Amended Complaint has superseded the initial complaint and rendered it of no legal effect. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) (amended complaint supersedes original complaint and renders it of no legal effect "unless amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading").

2

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and citations omitted). However, "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_, \_\_, 135 S. Ct. 346, 346 (2014) (per curiam).

### III. DISCUSSION

The U.S. Court of Appeals for the Fifth Circuit has held that "[a] dismissal will not be affirmed if the allegations support relief on any possible theory." *Eberhardt v. Merck & Co. Inc.*, 106 F. App'x 277, 278 (5th Cir. 2004) (*Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994)). Moreover, this Court

acknowledges that it is required to evaluate the sufficiency of a *pro se* plaintiff's complaint according to more relaxed pleading standards. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (allegations of *pro se* complaints "[held] to less stringent standards than formal pleadings drafted by lawyers").

In the instant motion, ComPsych seeks to dismiss all Dyer's claims against it, contending that Dyer has not alleged any recoverable damages. Specifically, ComPsych argues that (1) the terms of the contract contradict Dyer's allegation that she could no longer bill for services provided under the contract after ComPsych's breach, and (2) the reputational damages alleged are speculative.

Importantly, ComPsych does not argue that the well-pleaded facts of the complaint, if taken to be true, fail to state a plausible claim for breach of contract. Dyer alleges that ComPsych did not provide sixty days' notice of termination when terminating their agreement without cause, in violation of Paragraph 9(a) of the contract. (*See* Doc. 19-1 at p. 6).[4] Further, although Dyer did not specify in her complaint the means by which damages for her reputational injury would be quantified, the claimed reputational injury has already been suffered. (*See* Doc. 19 at ¶ 7). The alleged injury is not speculative, although the parties may disagree about the precision of damages assessments for the purposes of recovery.

---

[4] Because the contract itself is attached to Dyer's complaint, the terms of the contract are properly considered by the Court in the instant motion to dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
In the filings before the Court here, neither Dyer nor ComPsych raised the issue of what law governs the interpretation and enforcement of the contract's provisions. The Court notes, however, that the contract specifies that the parties' agreement is to be construed in accordance with and governed by the laws of the State of Illinois, without regard to its conflict of law rules. (Doc. 19-1 at p. 8). The Court's instant ruling does not differ depending on which state's law controls, for a breach of contract claim is cognizable under the laws of both Louisiana and Illinois.

4

The Court finds that, when accepting all well-pleaded facts as true and viewing those facts in the light most favorable to Dyer, who proceeds as a *pro se* plaintiff in this matter, Dyer has sufficiently alleged her claims against ComPsych.

IV. CONCLUSION

Accordingly,

The **Rule 12(b)(6) Motion to Dismiss First Amended Complaint (Doc. 25)** filed by Defendant Compsych Corporation, Inc. is **DENIED**.

Baton Rouge, Louisiana, this 20th day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA