## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PERCIVAL DYER**                                                              **CIVIL ACTION**

**VERSUS**                                                                     **NO. 13-706-BAJ-EWD**

**COMPSYCH CORPORATION, INC., ET AL.**

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on July 22, 2016.

                    _____
                    **ERIN WILDER-DOOMES**
                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERCIVAL DYER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-706-BAJ-EWD** |
| **COMPSYCH CORPORATION, INC., ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Reopen Action, filed on behalf of Percival Dyer.[1]  The Motion is opposed by defendant, ComPsych Corporation, Inc. ("ComPsych").[2]  For the following reasons, the undersigned recommends that the Motion be **GRANTED.**

**Factual and Procedural Background**

On October 28, 2013, Plaintiff filed a Complaint against ComPsych, DuPont Corporation, Inc. ("DuPont"), XYX Individual(s), XYZ Insurance Company(ies), and XYZ Entity(ies), asserting claims for breach of contract relating to an employment contract entered into between Plaintiff and ComPsych.[3]  Plaintiff filed an Amended Complaint against the same defendants on November 6, 2013, and filed a First Amended Complaint against ComPsych and E.I. du Pont de Nemours and Company (formerly identified as DuPont) on October 3, 2014.[4]  According to the Joint Status Report filed by Plaintiff and ComPsych on July 1, 2015, Plaintiff claims that she had a contract with ComPsych that allowed her to provide mental health care treatment to ComPsych's

---

[1] R. Doc. 51.
[2] R. Doc. 58.
[3] R. Doc. 1.
[4] R. Docs. 3, 19. ComPsych is the only remaining defendant in this litigation, as DuPont Corporation, Inc., XYX Individual(s), XYZ Insurance Company(ies), and XYZ Entity(ies) were terminated from the litigation on October 6, 2014 when Plaintiff did not name them as defendants in the First Amended Complaint.  (*See* R. Doc. 19).  E.I. du Pont de Nemours and Company was dismissed from the litigation on May 20, 2015.  (R. Doc. 33).

1

customers.[5]  Plaintiff asserts that ComPsych breached the agreement by terminating the contract without sufficient notice or cause.  Plaintiff denies any breach of contract, breach of fiduciary duty, or interference with ComPsych's contract with DuPont on her part.

On June 3, 2015, ComPsych filed an Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Counterclaim.[6]  In the Counterclaim, ComPsych asserts that it terminated its contract with Plaintiff for cause and provided 30 days' notice, as required by the terms of the contract.  ComPsych alleges that Plaintiff violated Section 1(k) of the contract by directly contacting and communicating with the supervisor(s) or co-worker(s) of the DuPont employees that Plaintiff was treating, and by advocating on behalf of the DuPont employees in internal human resources issues.[7]  ComPsych also asserts that Plaintiff's conduct constitutes a breach of her fiduciary duty and interfered with ComPsych's contractual and business relationship with DuPont.

As evidenced by the emails attached to ComPsych's Opposition to Motion to Re-Open Case ("Opposition"), ComPsych asserts it made a written offer to settle the matter on December 4, 2015, based on oral representations made regarding settlement.[8]  On January 5, 2016, Plaintiff's counsel allegedly contacted counsel for ComPsych by telephone and advised that he and his client (Plaintiff) were attempting to work out certain details of the settlement.  On February 5, 2016, counsel for ComPsych sent Plaintiff's counsel another email to confirm settlement in light of upcoming court deadlines and the oral representations from Plaintiff's counsel that settlement was accepted.[9]  Receiving no response, ComPsych's counsel sent another email on February 8, 2016, to which Plaintiff's counsel responded, "We agree to the terms of the settlement and to working

---

[5] R. Doc. 38 at 1.
[6] R. Doc. 37.
[7] R. Doc. 38 at 1; *See* R. Doc. 37 at 5-10.
[8] *See* R. Doc. 58-1 at 6-7.
[9] *See* R. Doc. 58-1 at 6.

out the language of the letter and the settlement agreement."[10]  Thereafter, on February 18, 2016, ComPsych's counsel emailed a proposed settlement agreement to Plaintiff's counsel that allegedly contained standard release terms.[11]  On February 26, 2016, ComPsych's counsel sent a follow-up email to Plaintiff's counsel regarding the proposed settlement agreement, which allegedly went unanswered.[12]

On March 3, 2016, ComPsych filed an Ex Parte Motion for Telephonic Status Conference, requesting a status conference to discuss Plaintiff's failure to complete the settlement her attorney negotiated by approving the proposed settlement agreement and release.[13]  The Motion was granted and the status conference was held on March 9, 2016, during which the parties were instructed to submit a Joint Notice of Settlement, as required by Local Rule 16(c), no later than March 11, 2016.[14]

On March 11, 2016, the parties filed a Joint Notice of Settlement, notifying the Court that they had amicably resolved their dispute and requesting the entry of a conditional 60-day dismissal, allowing for reinstatement of the matter if the settlement was not consummated within 60 days.[15] On April 5, 2016, this Court issued an Order of Dismissal, dismissing the action without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement was not consummated.[16]

---

[10] R. Doc. 58-1 at 6.
[11] *See* R. Doc. 58-1 at 8.  ComPsych only provided the email sent to Plaintiff's counsel, which does not include the email attachment containing the proposed settlement agreement.  In a footnote, however, ComPsych asserts that it will submit the proposed and revised settlement agreements for *in camera* inspection, since the terms are intended to be confidential. (R. Doc. 58-1 at 1 n.1).
[12] *See* R. Doc. 58-1 at 11.
[13] R. Doc. 46.
[14] R. Doc. 48.
[15] R. Doc. 49.
[16] R. Doc. 50.

3

On June 6, 2016, Plaintiff timely-filed the instant Motion to Reopen Action, requesting that the matter be reopened and allowed to proceed to trial or that the settlement agreement be enforced.[17]  Plaintiff asserts that although the parties have agreed upon settlement, the settlement has not been consummated because the parties have not been able to agree on a suitable release agreement.  Plaintiff claims the release agreement is "unreasonable" because the terms provided by ComPsych "require numerous actions on her part for compliance in the future."  Plaintiff does not specify the actions or terms that allegedly make the agreement unreasonable.  Plaintiff asks the Court to allow the matter to proceed to trial or to enforce the settlement agreement by requiring defendant to submit a more reasonable release agreement.

On June 30, 2016, ComPsych filed its Opposition, asserting that the delay in confecting the settlement agreement is due to Plaintiff's failure to timely discuss and negotiate the terms or agree to reasonable terms in the settlement agreement.[18]  ComPsych asserts that Plaintiff did not express any objections, concerns, or necessary revisions to the settlement agreement until May 6, 2016.  On that date, ComPsych claims it was advised by telephone that Plaintiff had concerns with two paragraphs in the settlement agreement and Plaintiff's counsel offered to provide alternative language for one of the paragraphs.  ComPsych asserts it agreed to strike one of the paragraphs, but Plaintiff never submitted alternative language for the second paragraph.[19]  On May 10, 2016, Plaintiff's counsel promised to provide the alternative language, but ComPsych claims the alternative language was never provided.

---

[17] R. Doc. 51.
[18] R. Doc. 58.
[19] *See* R. Doc. 58-1 at 12.

On June 3, 2016, ComPsych provided a revised settlement agreement that struck the one paragraph mentioned above, but made no other changes to the agreement.[20]  ComPsych asserts that Plaintiff's counsel called later that day and asked for ComPsych's agreement to re-open the case.  At approximately 5 p.m. on June 6, 2016, the last day a request to reopen the case could be filed under the Court's April 5, 2016 Order, Plaintiff's counsel emailed a revised settlement agreement, which ComPsych claims identified new objections that were in addition to the two original objections.[21]  ComPsych's counsel asserts that she was unable to make contact with ComPsych before Plaintiff filed the instant Motion to Re-Open the Action.

ComPsych further asserts that on June 8, 2016, it significantly revised the release to address the issues raised by Plaintiff.[22]  ComPsych claims that it has not received any objections or concerns about the language of the revised release from Plaintiff.  ComPsych further argues that Plaintiff has had over fourth months to consider the release, make objections, discuss changes, and propose alternative language, but has chosen not to do so.  ComPsych asserts that re-opening the case will not result in the settlement to which Plaintiff has already agreed but failed to finalize.  Thus, ComPsych asks that the Motion be denied and the Complaint, Amended Complaint, and all claims be dismissed with prejudice or, alternatively, that Plaintiff be ordered to appear before the Court to explain her delay and/or to complete discussions regarding the settlement agreement, or that the Court set a date by which the settlement must be signed or else the case will be dismissed.[23]

---

[20] *See* R. Doc. 58-1 at 14.  Again, ComPsych only provided the June 3, 2016, email to Plaintiff's counsel, which does not include a copy of the revised settlement agreement sent to Plaintiff's counsel as an email attachment.
[21] *See* R. Doc. 58-1 at 15-16.  ComPsych only provided two June 6, 2016, emails from Plaintiff's counsel, which do not include a copy of the revised settlement agreement.
[22] *See* R. Doc. 58-1 at 17-18.  While the emails provided by ComPsych briefly mention certain revisions made by ComPsych, a copy of the revised settlement agreement was not filed into the record.
[23] R. Doc. 58-1 at 3-4.

On July 7, 2016, the Court held a hearing during which the parties presented their arguments regarding Plaintiff's Motion.[24]  The Court took the matter under advisement and adjourned the hearing to conduct a settlement conference.[25]  Although the parties did not reach an amicable resolution during the settlement conference, the Court granted the parties an additional seven days in which to execute a mutually acceptable settlement and release agreement.[26]  If the parties executed an agreement, counsel for Plaintiff was ordered to file a motion to withdraw the pending Motion to Reopen the Case.  However, if the parties failed to execute a mutually acceptable settlement and release agreement within the time allowed, Plaintiff's counsel was ordered to notify the Court by July 18, 2016 so the Court could issue a Report and Recommendation on the Motion to Reopen Case.[27]

Per the request from Plaintiff's counsel, the Court extended the deadline to permit the parties to advise of the status of a mutually acceptable agreement to July 19, 2016.  Plaintiff's counsel submitted correspondence to the Court on July 19, 2016 advising that the parties had not been able to reach an agreement.[28]

## Applicable Law and Analysis

### A.  The Court Lacks Jurisdiction to Enforce the Settlement

The Supreme Court and the Fifth Circuit have explicitly held that there is no provision of law that provides federal courts with jurisdiction over disputes arising out of agreements that produce stipulations of dismissal.  In *Kokkonen v. Guardian Life Insurance Co.*, the Supreme Court held that a district court has ancillary jurisdiction to enforce a settlement agreement only if the

---

[24] R. Doc. 61.
[25] *Id.*
[26] R. Doc. 62.
[27] *Id.*
[28] R. Doc. 63.

court makes the agreement part of its dismissal order.[29] The Supreme Court specified that a court can make a settlement agreement part of its dismissal order, "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."[30] *Kokkonen* held that where a district court makes the agreement part of its dismissal order, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."[31] However, "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."[32] The Supreme Court further explained that where the district court does not make a settlement agreement part of its dismissal order, absent some independent basis for federal jurisdiction, "enforcement of the settlement agreement is for state courts."[33]

As explained by the Fifth Circuit, "*Kokkonen* makes clear that in the context of ancillary jurisdiction to enforce settlement agreements, the principle that federal courts are courts of limited jurisdiction requires distinguishing a district court's intention to make the terms of a settlement agreement part of its dismissal order from the court's mere recognition or approval of the settlement agreement."[34] The Fifth Circuit held, "In light of *Kokkonen* and its progeny, we conclude that a district court's reference in its dismissal order to an agreed motion to dismiss does not indicate an intention to make a settlement agreement attached to that motion to dismiss part of the order."[35] In *Gilbert*, the order of dismissal stated, "[b]efore the Court is the parties' Agreed Motion to Dismiss."[36] The court held that this language, "merely recognizes that the dismissal is

---

[29] 511 U.S. 375, 380-81, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994).
[30] *Id.*
[31] 511 U.S. at 381, 114 S.Ct. at 1677.
[32] *Id.*
[33] 511 U.S. at 382, 114 S.Ct. at 1677.
[34] *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002).
[35] *Id.* at 433.
[36] *Id.*

7

based on the motion and, at most, recognizes the *fact* of the Agreement attached thereto—not any intention on the part of the district court to incorporate the Agreement into its order or to retain jurisdiction to enforce the Agreement."[37] The Fifth Circuit reasoned that, "Under *Kokkonen*, such a statement is insufficient to make enforcement of the Agreement equivalent to enforcement of the district court's order, and thus cannot confer ancillary jurisdiction."[38] As such, the *Gilbert* court concluded that it did not have subject matter jurisdiction to enforce the settlement agreement.

### B. Plaintiff Has Shown Good Cause to Reopen This Case.

In the instant case, the Order of Dismissal states, "Considering the Joint Notice of Settlement filed by Percival Dyer and ComPsych Corporation (doc. 49); IT IS ORDERED that this action is hereby DISMISSED without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated."[39] An identical order of dismissal was issued in *McDonald v. Hummingbird Aviation, LLC*, and the district court concluded, "The Order of Dismissal neither expressly retained jurisdiction over the enforcement [of] the settlement agreement nor incorporated the terms of the settlement, and plaintiffs have not pointed to any other independent basis for jurisdiction."[40] The *McDonald* court further held, "At no point did the Court indicate that it intended to retain jurisdiction over the enforcement of the settlement contract. Reopening a case and enforcing a settlement agreement are separate and mutually independent procedures."[41] As such, the court concluded that it lacked jurisdiction over the settlement agreement and denied the plaintiff's motion to enforce settlement.

---

[37] *Id.* (emphasis in original).
[38] *Id.* at 433-34.
[39] R. Doc. 50.
[40] No. 08-3501, 2009 WL 3837528, at *3 (E.D. La. Nov. 10, 2009).
[41] No. 08-3501, 2009 WL 3837528 at *2.

Based on the language in this Court's Order of Dismissal, as well as the foregoing case law, this Court does not have subject matter jurisdiction to enforce the parties' settlement agreement. The Order dismissed the case "without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated."[42]  Like in *McDonald*, there is no indication that the Court intended to retain jurisdiction over the enforcement of any settlement agreement.  "Reopening a case and enforcing a settlement agreement are separate and mutually independent procedures."[43]  The Supreme Court held in *Kokkonen* that when a court does not retain jurisdiction or incorporate the settlement agreement in its dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."[44]  Without an independent basis for federal jurisdiction, a district court only has subject matter jurisdiction over a motion to enforce a settlement agreement where the order of dismissal specifically provides as such.[45]  The Order of Dismissal in this case did not expressly retain jurisdiction over the enforcement of a settlement agreement or incorporate the terms of the settlement, and Plaintiff has not pointed to any other independent basis for jurisdiction.

---

[42] R. Doc. 50.
[43] *McDonald*, No. 08-3501, 2009 WL 3837528, at *2 (E.D. La. Nov. 10, 2009); *See Kokkonen*, 511 U.S. at 378, 114 S.Ct. at 1675 ("It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal.").
[44] *Kokkonen*, 511 U.S. at 381-82, 114 S.Ct. at 1677.
[45] *See Lege v. Wal-Mart Louisiana, LLC*, No. 07-01694, 2009 WL 5195949, at *1 (W.D. La. Dec. 30, 2009) (granting defendant's motion to enforce settlement agreement, where order of dismissal provided, "No later than sixty (60) days of the date hereof, the parties shall file one of the following: (a) a motion for entry of judgment on all claims; (b) a motion to reopen this matter and reinstate all claims for failure to finalized [sic] the settlement agreement; or (c) a motion to enforce the settlement agreement."); *Napoleon Corp. v. Essex Ins. Co.*, No. 07-4921, 2009 WL 3834118, at *1 (E.D. La. Nov. 13, 2009) ("the District Judge entered an order of dismissal, which retained jurisdiction either to enforce the settlement or to reopen the case, upon motion of any party filed within 60 days."); *Schmit v. State Farm Fire & Cas. Co.*, No. 07-5052, 2008 WL 2079920, at *1 (E.D. La. May 13, 2008) ("the District Judge entered an order of dismissal, which retained jurisdiction to enforce the settlement upon motion of any party filed within 60 days."); *Melerine v. State Farm Ins. Co.*, No. 06-9568, 2008 WL 506093, at *1 (E.D. La. Feb. 20, 2008) (court issued an order of dismissal that dismissed the case without prejudice to the right "upon good cause shown within 60 (sixty) days, to reopen the action or seek summary judgment enforcing the compromise if settlement is not consummated within a reasonable time").

The Court therefore lacks subject matter jurisdiction over the enforcement of the settlement agreement.

This Court's Order of Dismissal allows either party to reopen the action within 60 days if the parties fail to enter into a settlement agreement and good cause is shown for reopening the case.[46] On June 6, 2016, Plaintiff timely filed the instant Motion, seeking to reopen this case because the parties have been unable to agree on a mutually acceptable settlement and release agreement. While the Court finds there is not jurisdiction to enforce the terms of the settlement, Plaintiff has shown good cause for reopening this case.

## Conclusion

Based on the foregoing, Plaintiff has met her burden of showing good cause exists to reopen the instant case, since the parties have been unable to execute a mutually acceptable settlement and release agreement.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Reopen Action[47] should be **GRANTED**. It is further recommended that an Amended Scheduling Order be issued extending the time period for the parties to file dispositive motions to August 11, 2016 and reinstituting the other remaining deadlines (H-M) contained in the Court's July 2, 2015 Scheduling Order,[48] including the November 7-9, 2016 trial date.

Signed in Baton Rouge, Louisiana, on July 22, 2016.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[46] R. Doc. 50.
[47] R. Doc. 51.
[48] R. Doc. 39. The Court notes that most of the preliminary deadlines had passed before counsel first advised the Court that settlement had been reached, including fact discovery, identification of experts, and exchange of expert reports. *See* March 7, 2016 Telephone Conference Status Report (R. Doc. 48).